UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON SHAW,<br><br>            Plaintiff,<br><br>      v.<br><br>PIN SETTERS, INC.,<br><br>            Defendant. | No. 2:23-cv-01108 WBS CKD<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 11) |

    Plaintiff Cameron Shaw moves the court for default judgment against defendant Pin Setters, Inc., doing business as Country Club Lanes, and 2600 Watt, LLC ("defendants"). Plaintiff seeks a default judgment for statutory damages in the amount of $4,000 plus attorney fees and costs in the amount of $4,546.95. Plaintiff also seeks injunctive relief. Defendants have neither appeared nor opposed the motion. This matter was deemed appropriate for decision without oral argument. (See ECF No. 15.) For the following reasons, the undersigned recommends the motion for default judgment be granted, with a minor adjustment to fees, as set forth below.

**I. BACKGROUND**

    Plaintiff initiated this action on June 9, 2023, alleging disability discrimination in violation of the Americans with Disabilities Act ("ADA") and California law. (ECF No. 1.) Defendants allegedly own, operate, or lease the bowling alley known as Country Club Lanes, located at 2600 Watt Avenue in Sacramento, California. (See id., ¶¶ 1, 7.) In March of 2023,

1

plaintiff visited the bowling alley and encountered barriers, including the lack of an accessible bowling lane with an accessible route from the corresponding seating/waiting area. (Id., ¶ 10.) Plaintiff lives within 75 miles of the bowling alley and will return once the barriers are removed. (Id., ¶¶ 10, 12.)

On June 26, 2023, a return of service was filed indicating defendant, 2600 Watt, LLC, was served by delivery to Gregory Lewis Kassis, a person authorized to accept service. (ECF No. 4.) Based on the return of service it appears 2600 Watt, LLC, was properly served. See Fed. R. Civ. P. 4(h)(1)(A), (e)(1) (a domestic corporation may be served by following state law for serving a summons); Cal. Civ. Proc. Code § 416.10(b) (summons may be served by delivery to a person authorized by the corporation to receive service of process).

On July 6, 2023, a return of service was filed indicating defendant, Pin Setters Inc., doing business at Country Club Lanes, was served by delivery to Dave Haness, a person authorized to accept service of process, by leaving the documents with Norma Bankheart, Manager and "Person In Charge Of Office" at 2600 Watt Avenue in Sacramento, California. (ECF No. 5.) According to the process server's affidavit, the service documents were subsequently mailed to Dave Haness at 2600 Watt Avenue in Sacramento. (Id. at 2.) Based on the return of service, it appears defendant Pin Setters Inc. was properly served. See Fed. R. Civ. P. 4(h)(1)(A), (e)(1); Cal. Civ. Proc. Code § 416.10(b); Cal. Civ. Proc. Code 415.20(a) ("a summons may be served… as specified in Section 416.10… by leaving a copy of the summons and complaint during usual office hours ... with the person who is apparently in charge thereof, and by thereafter mailing a copy…" Cal. Code Civ. Pro. § 415.20(a).

Upon plaintiff's requests, the Clerk of the Court entered default as to both defendants. (ECF Nos. 6, 7, 8, 9.) Plaintiff filed the motion for default judgment on December 19, 2023. (ECF No. 11.)

**II.  LEGAL STANDARDS**

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought if that party fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). The decision to grant or deny an application

for default judgment lies within the sound discretion of the district court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

Once default is entered, as a general rule, well-pleaded factual allegations in the operative complaint are taken as true except for the allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); accord Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992). Where the pleadings are insufficient, the court may require the moving party to produce evidence in support of the emotion for default judgment. See TeleVideo Sys., Inc., 826 F.2d at 917-18.

Default judgments are ordinarily disfavored. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). In making the determination whether to grant a motion for default judgment, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72.

**III. DISCUSSION**

**A. Eitel Factors**

**1. Possibility of Prejudice to Plaintiff**

The existence of potential prejudice to the plaintiff without entry of default judgment militates in favor of granting a default judgment. See PepsiCo, Inc., v. California Security Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, plaintiff filed suit on June 9, 2023, and defendants have failed to appear, respond to the complaint, or otherwise put forth a defense in this action. The present litigation cannot move forward, prejudicing plaintiff and leaving no recourse other than to seek a default judgment. This factor weighs in favor of default judgment.

**2. Merits of the Substantive Claim and the Sufficiency of the Complaint**

The court considers the merits of plaintiff's substantive claims and the sufficiency of the complaint together due to the relatedness of the inquiries. The court considers whether the allegations in the complaint are sufficient to state a claim on which plaintiff may recover. See Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978); PepsiCo, Inc., 238 F. Supp. 2d at 1175.

Title III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). "To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [his] disability." Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007). The third element may be shown where a defendant "fail[s] to remove architectural barriers ... where such removal is readily achievable." Chapman v. Pier 1 Imps. (U.S.) Inc., 631 F.3d 939, 945 (9th Cir. 2011) (quoting 42 U.S.C. § 12182(b)(2)(A)(iv)); see also Hubbard v. 7-Eleven, Inc., 433 F. Supp. 2d 1134, 1138 (S.D. Cal. 2006).

"Any violation of the ADA necessarily constitutes a violation of the Unruh Act." Molski, 481 F.3d at 731 (citing Unruh Act, Cal. Civ. Code § 51(f)). Therefore, if plaintiff has sufficiently alleged an ADA claim in the first cause of action, he has also alleged the elements for a claim under the Unruh Act in the second cause of action.

**a. Disabled**

Plaintiff is disabled within the meaning of 42 U.S.C. § 12102 as he is substantially limited in his ability to walk and must use a wheelchair for mobility and has substantially limited dexterity. (ECF No. 1, ¶ 8.) Section 12102(1)-(2)(A) defines "disability" as a physical or mental impairment that "substantially limits one or more major life activities" including walking. Plaintiff is disabled within the meaning of the ADA.

////

**b. Public Accommodation**

Title III identifies bowling alleys as places of public accommodation. 42 U.S.C. § 12181(7)(L). Taking plaintiff's allegations as true, defendants own, operate, or lease the bowling alley at 2600 Watt Avenue in Sacramento, California. (ECF No. 1, ¶¶ 1, 7.)

**c. Discrimination on the Basis of Disability**

Plaintiff's motion for default judgment argues the complaint shows an architectural barrier in violation of the 1991 Standards for Accessible Design, which require a minimum clear width for a single wheelchair passage of 32 inches at a point and 36 inches continuously. (ECF No. 11-1 at 4.)

Under the complaint's allegations, when plaintiff visited the bowling alley, he encountered a lack of an accessible bowling lane with an accessible route from the corresponding seating/waiting area. (ECF No. 1, ¶ 10.) Although plaintiff specifically requested a wheelchair-accessible bowling lane, he was assigned to a lane in the middle of the bowling alley with stairs between the lane and the adjacent seating/waiting area. (Id.) This caused plaintiff to have to remain at the bowling lane while his companions took their turns, which was uncomfortable and embarrassing. (Id.) Meanwhile, a lane at the end of the row, closest to the ramp, was unoccupied. (Id.) Plaintiff alleges either the bowling alley lacks an accessible bowling lane or defendants fail to properly implement and enforce a policy and procedure to assign disabled patrons to such a lane. (Id.) Plaintiff alleges the removal of the architectural barrier he encountered is "readily achievable," or alternatively, the services could have been made available through alternative methods that were readily achievable. (Id., ¶¶ 21-22.)

Thus, the complaint alleges in the alternative either that no bowling lane met this standard or that plaintiff was not assigned to a lane that met this standard. Regardless, plaintiff encountered an architectural barrier. Under the circumstances, and where plaintiff alleges defendants could implement and enforce a policy and procedure of assigning disabled patrons to the lane closest to the ramp, plaintiff plausibly alleges it is readily achievable to remove the architectural barrier he encountered or otherwise provide people with disabilities a greater level of access. See Trujillo v. Taco Riendo, Inc., No. 1:21-CV-01446-JLT-SAB, 2022 WL 2236932, at *11 (E.D. Cal. June 22,

2022) (discussing that some courts have rejected conclusory allegations regarding removal of architectural barriers in certain instances but accepting the plaintiff's allegations as true for purposes of default judgment that "there are numerous alternative accommodations" to provide people with disabilities a greater level of access even if defendants could not achieve complete removal of the barriers), report and recommendation adopted, No. 1:21-CV-01446-JLT-SAB, 2022 WL 3029334 (E.D. Cal. Aug. 1, 2022).

Taking the well-pleaded factual allegations as true, plaintiff was denied a public accommodation in violation of the ADA. See Molski, 481 F.3d at 730; see also 42 U.S.C.A. § 12182. The Unruh claim, which is derivative, is also sufficiently alleged. The merits of the ADA claim and Unruh Act claim alleged weigh in favor of granting the motion for default judgment as to those claims.[1]

### 3. The Sum of Money at Stake

Under the fourth factor cited in Eitel, "the court must consider the amount of money at stake in relation to the seriousness of defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1176-77; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003). The court assesses whether the recovery sought is proportional to the harm caused by defendants' conduct. See Vogel v. Rite Aid Corp., 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014) ("Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct").

Plaintiff seeks a total of $4,000 in statutory damages and $4,546.95 in attorney fees and costs. The overall sum of money at stake is not so large or excessive in relation to the harm as to militate against the entry of default judgment.

### 4. The Possibility of a Dispute Concerning Material Facts

The court may assume the truth of well-pleaded facts in the complaint following the clerk's entry of default. At the present time, the court finds no likelihood that any genuine issue of material fact exists. See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D.

---

[1] Plaintiff's motion for default judgement does not address the third claim set forth in the complaint, brought under the California Health and Safety Code. (See ECF No. 1, ¶¶ 43-47.)

Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists"); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F. Supp. 2d at 1177.

### 5. Whether the Default Was Due to Excusable Neglect

The record contains no indication that defendants' default was due to excusable neglect. Where the defendant was "properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," this factor favors entry of default judgment. Shanghai Automation Instrument Co. Ltd. v. Kuei, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001). Here, despite having been served with plaintiff's complaint and a copy of the clerk's default entered against them (see ECF No. 11-2 at 4), defendants have failed to respond.

### 6. The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. But the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citation omitted); see also Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010). Rule 55 allows a court to decide a case before the merits are heard if defendant fails to appear and defend. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. Thus, the policy of resolving disputes on the merits does not favor granting default judgment.

### 7. Recommendation

Taken together, the Eitel factors support granting the request for default judgment. The undersigned recommends default judgment be entered as to both defendants.

### B. Terms of the Judgment

#### 1. Injunctive Relief

Plaintiff seeks an injunction requiring defendants to remove all architectural barriers described in the complaint. Plaintiff seeks two modifications to the bowling alley as follows:

////

      a.      Provide a properly configured and identified accessible bowling lane which shall be connected to the associated seating area via an accessible route of travel, which route shall be maintained free of obstructions; and

      b.      Implement a policy and procedure, including employee training, whereby the accessible bowling lane shall be reserved for the use of disabled customers unless all other lanes are occupied, and mobility impaired customers shall be assigned to the accessible lane upon request.

(ECF No. 11-4 at 2.)

Under the complaint's well-pleaded factual allegations, the bowling alley lacked an accessible bowling lane, but if one did exist, plaintiff was not assigned to it even though it was unoccupied. (See ECF No. 1, ¶ 10.) As the factual allegations in the complaint are taken as true, plaintiff is entitled to injunctive relief. See 42 U.S.C. § 12188(a)(2); Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002) ("only injunctive relief is available for violations of Title III").

      **2.**      **Statutory Damages**

The Unruh Civil Rights Act provides for, among other things, a minimum statutory damages amount of $4,000 per violation. Cal. Civ. Code § 52(a); Grove v. De La Cruz, 407 F. Supp. 2d 1126, 1133 (C.D. Cal. 2005) (the Unruh Act "provides for statutory damages up to a maximum of three times the actual damages but no less than $4,000 for each instance of discrimination"). Plaintiff is entitled to an award of $4,000 in statutory damages.

      **3.**      **Attorney Fees and Costs of Litigation**

Under the ADA, a district court, in its discretion, can allow the prevailing party other than the United States to recover a reasonable attorney's fee, including litigation expenses and costs. 42 U.S.C. § 12205. Attorney fee awards are calculated using the lodestar method, which multiplies the numbers of hours reasonably spent on the matter with a reasonable hourly rate. Vogel v. Harbor Plaza Ctr., LLC, 893 F.3d 1152, 1160 (9th Cir. 2018). The district court has the discretion to make adjustments to the number of hours claimed or to the lodestar. Gates v. Deukmejian, 987 F.2d 1392, 1398 (9th Cir. 1992).

////

1          Plaintiff's counsel seeks an award of $3,946 in attorney fees, plus $600.95 in litigation

2  costs as follows: (1) $3,210.00 for 10.7 hours of work expended by attorney Tanya E. Moore at

3  an hourly rate of $300; (2) $402.50 for 3.5 hours of work expended by paralegal Whitney Law at

4  an hourly rate of $115.00; and (3) $333.50 for 2.9 hours of work expended by paralegal Isaac

5  Medrano at an hourly rate of $115.00. (ECF No. 11-2 at 8.)

6          Courts in this district have found these rates reasonable for the services of attorney Moore

7  and for the services of these paralegals. Escobedo v. Singh, No. 1:23-cv-01302-BAM, 2024 WL

8  1096056, at *9 (E.D. Cal. Mar. 13, 2024). However, certain tasks provided by Isaac Medrano

9  were clerical in nature: 0.2 hours to review an order and calendar a hearing and deadlines on

10 6/13/23; 0.2 hours to draft a certificate of service on 7/18/23; 0.2 hours to draft a certificate of

11 service on 8/08/23; and 0.2 hours to review a minute order and calendar a deadline on 9/26/23.

12 (ECF No. 11-3 at 3-5.) It is therefore recommended the court deduct .8 hours ($92.00) from Isaac

13 Medrano's paralegal time for these clerical tasks. See Missouri v. Jenkins by Agyei, 491 U.S.

14 274, 288 n.10 (1989) ("purely clerical or secretarial tasks should not be billed at a paralegal rate,

15 regardless of who performs them").

16         The costs claimed are the court filing fee and costs of service, which are compensable.

17 (ECF No. 11-3 at 4.) Accordingly, it is recommended plaintiff be awarded the sum of $600.95 for

18 litigation expenses and costs.

19 **IV.   CONCLUSION AND RECOMMENDATION**

20         In accordance with the above, plaintiff is HEREBY ORDERED to mail a copy of these

21 findings and recommendations to each defendant at the defendant's last known address.

22         In addition, for the reasons set forth above, it is HEREBY RECOMMENDED as follows:

23     1.   Plaintiff's motion for default judgment be GRANTED in part;

24     2.   Defendants be found and declared to be in violation of Title III of the Americans

25 with Disabilities Act;

26     3.   Defendants be ordered to make the following modification to the bowling alley

27 known as Country Club Lanes at 2600 Watt Avenue in Sacramento, California:

28 ////

        a.        Provide a properly configured and identified accessible bowling lane which shall be connected to the associated seating area via an accessible route of travel, which route shall be maintained free of obstructions; and

        b.        Implement a policy and procedure, including employee training, whereby the accessible bowling lane shall be reserved for the use of disabled customers unless all other lanes are occupied, and mobility impaired customers shall be assigned to the accessible lane upon request.

4. Judgment be entered in plaintiff's favor and against defendants on plaintiff's ADA claim and Unruh Act claim, awarding $4,000.00 in statutory damages and $4,454.95 in attorney fees, paralegal fees, and costs of suit; and

5. Plaintiff's claim under California Health and Safety Code be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  April 10, 2024

                                                                   CAROLYN K. DELANEY
                                                                   UNITED STATES MAGISTRATE JUDGE

8
shaw1108.mdj